UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EMPRESS ENTERPRISES, LTD., <br><br> Plaintiff, <br> v. <br><br> KOLMAR GROUP AG, <br><br> Defendant. | Civil Action No. <br> 3:13 - CV - 1652 (CSH) <br><br><br> JUNE 6, 2014 |

### ORDER

**HAIGHT, Senior District Judge:**

In this admiralty case brought under Rules B and E of the Supplemental Rules for Admiralty or Maritime Claims, counsel for Defendant Kolmar Group AG wrote a letter to the Court dated May 5, 2014, with a copy to counsel for Plaintiff Empress Enterprises, Ltd. Defendant's counsel called the Court's attention to another case, filed on the same day, in which the Plaintiff is Aracruz Trading, Ltd. and Kolmar Group AG is the Defendant. That case is also brought under Rules B and E. It bears the Docket Number 3:13-cv-1651, and was assigned to District Judge Arterton.

These cases arise out of the performance by vessels owned by Aracruz and Empress respectively, and chartered by Kolmar for the transportation of butadiene from an Indian port to ports in China and Korea respectively. Delays at the discharge ports occurred. The Plaintiff in each case asserts claims for demurrage against Kolmar. Kolmar asserts that the cargo receivers in both cases rejected the butadiene because of contamination on board the vessels, for which Plaintiffs are responsible under the charters. In each case, Kolmar denies liability for demurrage and asserts

1

counterclaims for damages caused by cargo contamination. The merits of these disputes will be adjudicated by arbitration in London.

The cases in this Court, Nos. 3:13-CV-1651 and -1652, began when the Plaintiff shipowner in each case applied for and obtained writs of maritime attachment of Kolmar's assets in this District, in order to obtain security for their demurrage claims against Kolmar under the charters (which they anticipate the London arbitrators will allow). Kolmar has answered those complaints, asserted counterclaims for cargo contamination, and moves for counter-security in respect of those counterclaims, pursuant to Admiralty Rule E(7)(a). Kolmar also prays for an order staying the London arbitrations until Plaintiffs post that counter-security. Each Plaintiff has filed a motion to dismiss the Defendant's counterclaims, and opposes Kolmar's motions for counter-security.

These are the motions pending in both cases. Counsel for Kolmar say in their May 5 letter in Case No. 1652 that these motions "are virtually identical, raise virtually identical claims and defenses, and rely on similar legal arguments." That appears to be an accurate assessment. In addition, legal representation is identical, in that both Plaintiffs are represented by the Chalos firm, and Kolmar, Defendant in both cases, is represented by the Lennon firm.

Judge Arterton and I have discussed these circumstances. In our view, it is contrary to sound judicial administration to have different judges decide these identical issues, each deciding within the context of the separate case assigned to her or him. That would be an inefficient expenditure of judicial resources, and create the potential for inconsistent rulings by judges of equal rank.

In these circumstances, and with the concurrence of Judge Arterton, I hereby direct counsel for the parties in both cases, if so advised, to make a motion pursuant to Fed. R. Civ. P. 42(a)(1) for an order consolidating Case Nos. 1651 and 1652, for the sole purpose of hearing and determining

the presently pending motions, as described *supra*. Any such joint motion for consolidation must be filed on or before **June 16, 2014** and made with the following understandings: (1) Judge Haight will hear the arguments and decide the motions; (2) the hearing will take place on **July 11, 2014** at **2:00 p.m.** in the Courtroom on the **17th Floor** of the Connecticut Financial Building, **157 Church Street, New Haven, Connecticut**; and (3) the previously set briefing schedule will remain in effect.[1]

If the parties do not make the suggested joint motion, the two actions may yet, in recognition of their common questions of law and/or fact, be consolidated by the Court, pursuant to Rule 42(a), Fed. R. Civ. P., for the limited purposes stated herein.

SO ORDERED.

Dated:   New Haven, Connecticut
            June 6, 2014

>                                             */s/Charles S. Haight, Jr.*
>                                             CHARLES S. HAIGHT, JR.
>                                             Senior United States District Judge

---

[1] The Court notes that Judge Arterton previously scheduled the hearing on the motions at issue in Case No. 1651 for that same date – *i.e.*, July 11, 2014. *See* No. 3:13-CV-1651, Doc. 31. In contrast, the hearing before Judge Arterton was set to commence at 10:00 am and to take place in the Lee Courthouse, Courtroom Two, 141 Church Street, New Haven, Connecticut. *Id.*